BARRY J. PORTMAN
Federal Public Defender
SHAWN HALBERT
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for GUZMAN-BAEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-07-0794 DLJ, 07-0797 DLJ |
|---|---|---|
| Plaintiff, | ) ) | DEFENDANT'S NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF |
| vs. | ) ) | MOTION FOR BILL OF PARTICULARS |
| JOSE DE JESUS GUZMAN-BAEZ, | ) ) | Date: April 4, 2008 Time: 11:00 a..m. |
| Defendant. | ) ) | Court: Honorable D. Lowell Jensen |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND JOSEPH RUSSONIELLO, UNITED STATES ATTORNEY; AND DEBORAH DOUGLAS, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that counsel for defendant Jose de Jesus Guzman-Baez hereby moves this Court for an order directing the government to provide a bill of particulars.

The motion is based on this notice and motion, the following memorandum of points and authorities, the Fifth and Sixth Amendments to the United States Constitution, Rule 7(f) of the Federal Rules of Criminal Procedure and all other applicable constitutional, statutory and case authority, and such evidence and argument as may be presented at the hearing of this motion.

/ / /

/ / /

DEF'S MTN BILL OF PARTICULARS;
Nos. CR-07-0794 DLJ, 07-0797 DLJ                   1

**INTRODUCTION**

Mr. Guzman-Baez is charged with eight counts of harboring an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). The indictment does not indicate what conduct Mr. Guzman-Baez committed that the government believes to be harboring, and the defense is unable to determine the government's theory of prosecution on any of these counts. Accordingly, the Court should order the government to provide a bill of particulars explaining its theory of harboring for each charged harboring offense.

**FACTS**

The government has charged Mr. Guzman-Baez with eight counts of harboring an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). *See* Indictment, attached as Exhibit A. Each count alleges only that he, knowingly or in reckless disregard of the fact that a specified person was illegally in the United States, "did knowingly and intentionally conceal, harbor, and shield the alien from detection, and attempted to conceal, harbor, and shield the alien from detection." *Id.* The indictment provides no other information to indicate what Mr. Guzman-Baez allegedly did to "conceal, harbor, and shield" each identified person.

According to the discovery, each person named in a harboring count in the indictment was employed at Mr. Guzman-Baez's business, Pepe's Cabinets, at some time. Otherwise, however, their circumstances were different. According to the discovery, some were paid in cash, some were paid by check. Some had completed and/or received tax forms, some had not. One of the people named in the indictment lived at the same address as Mr. Guzman-Baez for a limited period of time. One of the people named in the indictment is Mr. Guzman-Baez's wife and the mother of the three children they have together. However, the defense is not aware if any of the above facts, alone or in combination with any other facts, forms the basis for the government's prosecution for "harboring" in any of the relevant counts.

/ / /

/ / /

**ARGUMENT**

The Sixth Amendment to the United States Constitution guarantees that a criminal defendant shall "be informed of the nature and cause of the accusation" against him; the Fifth Amendment, in turn, ensures that no one "shall . . . be deprived of life, liberty, or property, without due process of law." Interpreting these provisions, the United States Supreme Court has stressed that a "defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense." *Powell v. Alabama*, 287 U.S. 45, 59, 69-73 (1932); *In re Oliver*, 333 U.S. 257 (1948). Due process thus requires notice of charges and a reasonable opportunity to defend or explain.

Inadequate notice of charges impairs a defendant's ability to exercise his rights to confront witnesses against him and to compel the appearance of witnesses in his favor, as well as his counsel's discharge of the duty to investigate avenues of defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *United States v. Greater Syracuse Board of Realtors*, 438 F. Supp. 376, 380-81 (N.D.N.Y. 1977). To avoid these perils, a court confronted with an insufficiently detailed indictment should order the government to file a bill of particulars elaborating on the charges. *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954).

Federal Rule of Criminal Procedure 7(f) specifically provides that "[t]he court may direct the filing of a bill of particulars."[1] A bill of particulars is intended to supplement the charging document "by providing more detail of the facts upon which the charges are based. It normally responds to specific questions formulated by the defendant." *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981). "It is the one method open to a defendant in a criminal case to secure the details of the charge against him." Charles A. Wright, *Federal Practice and Procedure: Criminal* § 129 (2d ed. 1982).

---

[1] In exercising its discretion under Rule 7(f), the Court should note that the Rule was amended in 1966 "to encourage a more liberal attitude by the courts toward bills of particulars." *See* Fed. R. Crim. P. 7, Advisory Committee Note (1966 Amendment).

1       Defendants should "be given the benefit of the doubt in gray areas." *United States v.*

2 *Thevis*, 474 F. Supp. 117, 124 (D. Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir. 1982). The power to

3 direct the United States to file a bill of particulars

4     should be freely exercised with an awareness than an indictment
5     may be sufficient on its face to state an offense, yet insufficient to
    adequately inform the accused of the charge against him to enable
    him to properly prepare his defense, and, at least, to avoid
6     prejudicial surprise.

7 *King v. United States*, 402 F.2d 289, 292 (10th Cir. 1968); *see also United States v. Tanner*, 279

8 F. Supp. 457, 474 (N.D. Ill. 1967) (in view of 1966 amendment liberalizing Rule 7(f), "the courts

9 should exercise their discretion by taking a liberal attitude toward the grant of bills of

10 particulars"). The specific functions of a bill of particulars are to inform a defendant of the

11 nature of the charges against him sufficiently to enable her to prepare for trial; to minimize the

12 danger of surprise at trial; and to protect against a second prosecution based upon the same set of

13 facts. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991); *United States v. Long*, 706

14 F.2d 1044, 1054 (9th Cir. 1983). If any of these functions would be thwarted absent a bill of

15 particulars, a court should order the government to file such a bill. *United States v. Addonizio*,

16 451 F.2d 49, 63-64 (3d Cir. 1971). Doubts should be resolved in favor of granting the bill.

17 *Tanner*, 279 F. Supp. at 474.

18       The indictment in this case charges Mr. Guzman-Baez with eight counts of harboring an

19 illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). For this offense, the government must

20 prove that Mr. Guzman-Baez "concealed [each alien] for the purpose of avoiding [the alien's]

21 detection by immigration authorities." Ninth Cir. Crim. Jury Instr. 9.3. Allegations that a

22 defendant merely employed an alien, even knowing that such person was not legally in the

23 United States, are insufficient to establish a violation of 8 U.S.C. § 1324(a)(1)(A)(iii). *Brewer v.*

24 *Salyer*, 2007 WL 1454276 at *9 (E.D. Cal. 2007) (granting motion to dismiss complaint alleging

25 RICO claims based on harboring illegal aliens) (unpublished); *Zavala v. Wal-Mart Stores, Inc.*,

26 393 F. Supp. 2d 295, 307 (D.N.J. 2005) (same). "*[E]mployment* is distinct from *harboring*, and

1  allegations in a complaint that a defendant employs undocumented aliens are insufficient to also
2  allege harboring of undocumented aliens under § 1324(a)(1)(A)(iii)." *Brewer*, 2007 WL
3  1454276 at *9 (emphasis in original).
4      The indictment here does not include any allegations indicating how Mr. Guzman-Baez
5  harbored each or any named alien.  The discovery indicates that Mr. Guzman-Baez employed
6  each of the aliens, but employment alone is insufficient to show harboring.  So that Mr. Guzman-
7  Baez may prepare for trial and, if appropriate, file a motion to dismiss one or more of the
8  harboring charges, the Court should order the government to prepare a bill of particulars
9  identifying its theory of harboring for each alien charged in the indictment.  Presumably, the
10  government presented a theory of harboring, along with relevant facts, with respect to each alien
11  when it presented its case to the grand jury, so Mr. Guzman-Baez's request will result in no
12  additional work for the government.

13  **CONCLUSION**

14      For the reasons stated above, Mr. Guzman-Baez respectfully asks the Court to order the
15  government to provide a bill of particulars.
16  Dated:  March 7, 2008
17                                              Respectfully submitted,
18                                              BARRY J. PORTMAN
                                            Federal Public Defender
19
                                            /S/
20
                                            SHAWN HALBERT
21                                              Assistant Federal Public Defender
22
23
24
25
26