

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*Ronald V. Dellums Federal Building*  (510) 637-3680
*1301 Clay Street, Suite 340S*
*Oakland, California 94612*  *FAX.(510) 637-3724*

April 16, 2008

Honorable D. Lowell Jensen
United States District Judge
1301 Clay Street
Oakland, CA 94612

                Re:     United States v. Jose De Jesus Guzman-Baez
                       CR07-00797 DLJ; CR07-00794 DLJ

Dear Judge Jensen:

      Today, on April 16, 2008, defendant has filed a notice that he intends to argue at the court proceeding tomorrow that he should be released on bail. At the detention hearing on January 24, 2008, this Court found that defendant is a flight risk, more so than the average defendant. This Court further found that the signature of the named surety/custodian, defendant's wife Maria Ramirez, is "useless." Ms. Ramirez is an illegal alien in deportation proceedings who was one of eight individuals illegally harbored and employed by the defendant, as charged in the indictment and information, respectively. Based upon defendant's notice filed today, Ms. Ramirez and her family have moved yet again and no longer reside with "friends" at 2272 86th Street in Oakland, where it was represented to the magistrate judge that defendant would be residing, if released.

      The fact that it has taken the defendant almost four months to even propose conditions of release further illustrates that release is not appropriate for this defendant. Moreover, defendant's representation that he has served most of the sentence that would be the low end of his guidelines range is not accurate. The applicable guideline range is 12 to 18 months in prison.

      As for defendant's argument that he has no motivation to flee from the United States because he wants to remain in this country, deportation is statutorily mandated for all aliens convicted of an aggravated felony. See 8 U.S.C. § 1229b(a)(3) (an aggravated felony conviction disqualifies an alien for cancellation of removal). A conviction for "the offense of harboring illegal aliens" under 8 U.S.C. § "1324(a)(1)(A)(iii) is an aggravated felony" pursuant to 8 U.S.C. §1101(a)(43)(N). Castro-Espinosa v. Ashcroft, 257 F.3d 1130, 1132 (9th Cir. 2001).

    For all the reasons set forth in the government's appeal in support of detention (filed on January 22, 2008), the United States respectfully submits that there are no combination of conditions of release that would reasonably assure defendant's appearance at future court proceedings. The government has already expended significant time and resources in preparation for trial.

    Very truly yours,

JOSEPH P. RUSSONIELLO
United States Attorney

DEBORAH R. DOUGLAS
Assistant United States Attorney