**United States District Court**
For the Northern District of California

1  UNITED STATES OF AMERICA,        )
                                    )
2                  Plaintiff,       )
                                    )
3        v.                         )
                                    )    No. CR 07-0794-DLJ
4  JOSE DE JESUS GUZMAN-BAEZ,       )    No. CR 07-0797-DLJ
                                    )
5                  Defendant.       )    **ORDER**
   _____)

6

7       Defendant Jose de Jesus Guzman-Baez (Guzman) was indicted on

8  December 13, 2007, on eight counts of harboring or concealing

9  illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), one

10 count of possession of counterfeit immigration documents, in

11 violation of 18 U.S.C. § 1546(a), and two counts of fraudulent use

12 of a social security number, in violation of 42 U.S.C. §

13 408(a)(7)(B).  On December 14, 2007, the government filed an

14 information charging Guzman with eight counts of employing an

15 illegal alien, in violation of 8 U.S.C. § 1324a(a)(1)(A) and eight

16 counts of continuing to employ an illegal alien, in violation of 8

17 U.S.C. § 1324a(a)(2).  Guzman now seeks an order releasing him from

18 pretrial detention.

19 I. Background

20      Following detention hearings on December 26, 2007, and January

21 2, 2008, Magistrate Judge Vadas ordered that Defendant Jose De

22 Jesus Guzman-Baez (Guzman-Baez) be released on $50,000 bond, over

23 the government's objection.  Judge Vadas then stayed the release

24 order, pending appeal to this Court.

25      On January 24, 2008, on the government's appeal of the release

   order, the Court issued an order staying Guzman's release unless

United States District Court

For the Northern District of California

1  and until a designated amount of property was posted.  No property

2  was posted.

3     Guzman has now obtained the assistance of Maria Irma Juaregui

4  (Juaregui), a family friend.  Juaregui indicated that she has known

5  the Guzman-Baez family for approximately 10 years, and that the

6  family previously was her tenant.  Juaregui further advised that

7  Guzman's wife is currently residing in a house owned by her son,

8  and that Guzman would be welcome to reside there as well.

9     Juaregui indicated that she would be willing to post her

10 investment property, located at 3490 Davis Street in Oakland,

11 California, in order to secure Guzman's release.  Juaregui

12 explained that this is a single-family home, which she rents for

13 income.  She further advised that she owns approximately 23 other

14 properties (her residence and other rental properties).  Juaregui

15 indicated that she is the sole owner for the Davis Street property,

16 and she purchased this home in 1985 for #37,000.  Juaregui stated

17 that she believed the current market value is approximately

18 $280,000, and that she owns this property outright.

19    Juaregui indicated that she has resided at 20118 Austin Lane

20 in Castro Valley, California, since 2006 with her husband.  She

21 stated that he husband owns a business, Hector's Construction, and

22 that she works part-time as the office manager.  She advised that

23 she earns $35 per hour and works approximately 32 hours per week.

24 Juaregui reported that she is a United States citizen, and she does

25 not have a criminal history.  She appeared in court on April 17,

**United States District Court**
For the Northern District of California

1  2008, and expressed her willingness to be financially responsible

2  for Guzman's court appearances.

3  II.  Legal Standard

4      18 U.S.C. § 3145(a)(1) provides in pertinent part that: If a

5  person is ordered released by a magistrate judge, . . . the

6  attorney for the government may file, with the court having

7  original jurisdiction over the offense, a motion for revocation of

8  the order or amendment of the conditions of release.  This Court

9  reviews the magistrate judge's decision *de novo*.  United States v.

10 Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).  In conducting its

11 reviews, the district court may hold additional evidentiary

12 hearings, but is not required to do so.  Id.

13     18 U.S.C. § 3142(c) mandates release of a person facing trial

14 under the least restrictive condition or combination of conditions

15 that will reasonably assure the appearance of the person as

16 required.  United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir.

17 1985).  If the trial court order that the defendant be released

18 subject to conditions, § 3142(c)(2) specifically prohibits the

19 court from imposing a financial condition that results in the

20 pretrial detention of the defendant.  United States v. Fidler, 419

21 F.3d 1026, 1028 (9th Cir. 2005).  However, the district court

22 imposing a financial condition of release that results in the de

23 facto detention of the defendant does not violate § 3142(c)(2) if

24 the record shows that the detention is not based solely on the

25 defendant's inability to meet the financial burden, but rather on

**United States District Court**
For the Northern District of California

1   the district court's determination that the amount of the bond is

2   necessary to reasonably assure the defendant's attendance at trial

3   or the safety of the community.  Id.

4       18 U.S.C. § 3142(e) provides that the judicial officer shall

5   issue a detention order pending trial if no condition or

6   combination of conditions will reasonably assure (a) the appearance

7   of the person as required and (b) the safety of any other person

8   and the community.  The government bears the burden of showing a

9   flight risk by a preponderance of the evidence but must show a

10  danger to the community by clear and convincing evidence.  United

11  States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing

12  Motamedi, 767 F.2d at 1406-07).

13      18 U.S.C. § 3124(g) specifies factors that the court should

14  consider when determining whether there are condition of release

15  that will reasonably assure the defendant's appearance and the

16  community's safety: (1) the nature and seriousness of the

17  offense(s) charged; (2) the weight of the evidence against the

18  defendant; (3) the defendant's character, physical and mental

19  condition, family and community ties, past conduct, history

20  relating to drug and alcohol abuse, and criminal history; and (4)

21  the nature and seriousness of the danger to any person or the

22  community that would be posed by the defendant's release.  Gebro,

23  948 F.2d at 1121.  The defendant's alienage may be taken into

24  account, but it does not point conclusively to a determination that

25  the defendant poses a serious flight risk.  Motamedi, 767 F.2d at

United States District Court

For the Northern District of California

1    1408.

2         When assessing an alien defendant's ties to the United States,

3    factors to be considered include how long the defendant has resided

4    in this country, whether defendant has been employed in the United

5    States, whether defendant owns any property in this country, and

6    whether defendant has any relatives who are United States residents

7    or citizens.   United States v. Townsend, 897 F.2d 989, 996 (9th

8    Cir. 1990).

9    III.  Discussion

10        Under the circumstances, the Court is satisfied that the

11   following combination of conditions will reasonably assure the

12   Court that Guzman will appear as required:

13        1.   Guzman and the owner of some real property valued at not

14   less than $40,000 shall execute a bond secured by the real

15   property;

16        2.   Guzman shall report to Pretrial Services as directed;

17        3.   Guzman shall surrender all travel documents in his

18   possession and shall not apply for any new passports or travel

19   documents;

20        4.   Guzman's travel is restricted to Alameda County;

21        5.   Guzman shall not possess any firearms, destructive

22   devices, or other dangerous weapons;

23        6.   Guzman shall not change residence without prior approval

24   from Pretrial Services;

25        7.   Guzman shall refrain from excessive use of alcohol, and

**United States District Court**
For the Northern District of California

1  shall refrain from any use or unlawful possession of a narcotic

2  drug and other controlled substances without a legal prescription;

3      8.    Guzman shall submit to electronic monitoring.  He may

4  leave his residence for medical and legal purposes with prior

5  approval of Pretrial services; and

6      9.    Guzman shall only us his true name, and shall not possess

7  any identification in any other names for himself or others.

8  Guzman's long-standing ties to the community, his family's lawful

9  residence here, and his strong reasons for seeing this case through

10  to its conclusion all weigh heavily in favor of the conclusion that

11  these conditions are sufficient.

12      Based on the foregoing, the matter is referred to Magistrate

13  Judge Brazil for issuance of the release order upon satisfaction of

14  the conditions set by the Court.

15

16      IT IS SO ORDERED.

17  Dated:     April 18, 2008    _____

18                                      D. Lowell Jensen

19                              United States District Judge

20

21

22

23

24

25